IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MUSTAFA OZSUSAMLAR,**

        Petitioner**,**

   v.                                **Civil Action No. 5:24-CV-204**
                                                   Judge Bailey

**H RAY** and others**,**

        Respondents.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 21, 2024, the *pro se* petitioner, Mustafa Ozsusamlar ("petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is a federal inmate housed at FCI Hazelton in Bruceton Mills, West Virginia, and is alleging Bureau of Prisons ("BOP") officials have failed to assist him in locating a piece of lost mail for which petitioner paid $94.73 in postage. This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed.

### II.    BACKGROUND

As set forth in the petition, petitioner alleges that on February 21, 2024, he sent outgoing priority international flat rate box mail with postage of $94.73, with the mail sent to Turkey. He alleges that it has still not been mailed out and alleges this is due to racism on the part of the Warden. In his first ground, he alleges the Warden and Unit Manager McCall have stopped his mail. [Doc. 1 at 5]. He alleges that Counselor Simpson is not

giving him correct information about the status of his mail, and that McCall has not accepted responsibility for this issue. [Id. at 6]. Petitioner also complains that "RED Manager Mr. White" is responsible for giving petitioner a tracking number and that he has violated his professional responsibility. [Id.]. For relief, he seeks to be awarded one-million dollars in damages from each of these defendants. [Id. at 8].

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See* **Erickson v. Pardus**, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the

petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.   ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed.  *See* 28 U.S.C. § 2241.  In a § 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." ***Glaus v. Anderson***, 408 F.3d 382, 286 (7th Cir. 2005).  Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement."  *See **Preiser v. Rodriguez***, 411 U.S. 475, 499-500 (1973).  On the other hand, a ***Bivens*** action is used to hold federal officers "individually liable for constitutional violations." ***Starr v. Baca***, 625 F.3d 1202 (9th Cir. 2011).  Even more generally, a ***Bivens*** action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law.  *See **Bivens***, 403 U.S. at 392–94. Further, a ***Bivens*** action is the federal analog to suits brought against state officials under § 1983.  ***Hartman v. Moore***, 547 U.S. 25, 254 n.2 (2006).  *See **Preiser***, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, petitioner complains that his mail has been mishandled.  His claims for a multi-million dollar award of damages for a mishandled piece of mail are clearly frivolous. However, even if petitioner had stated a plausible civil rights claim, his claims are not

cognizable in a § 2241 petition. The petition does not contest the fact or duration of petitioner's confinement, and success on the merits would not result in an immediate or speedier release from confinement with the BOP. Thus, petitioner's claims should be raised, if at all, pursuant to a civil rights complaint.[1] ***Preiser*** at 499–500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). *See also **Lee v. Winston***, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED** without prejudice to the petitioner's right to file his claims in a civil rights action. The undersigned further recommends that the pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

---

[1] The undersigned notes that petitioner has a history of filing frivolous cases in this Court and others, and this Court has previously determined that he has more than three strikes under the "three strikes" provision of the Prison Litigation Reform Act. *See, e.g.,* ***Ozsusamlar v. Adams***, 5:21-CV-114, [Doc. 7]. Consequently, if petitioner wishes to files a civil rights complaint on these claims, he is forewarned that he must pay the full filing fee at the time he initiates the suit.

4

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** November 7, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE