IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MUSTAFA OZSUSAMLAR**,

        Petitioner,

v.                                              **CIVIL ACTION No. 5:24-CV-204**
                                                     Judge Bailey

**H RAY** and others,

        Respondents.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 7, 2024, wherein he recommends the Petition [Doc. 1] be denied and dismissed without prejudice, and that petitioner's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] be denied as moot. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 8 at 1–2].

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objection to the R&R on December 9, 2024.[2] *See* [Doc. 13]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

---

[2] Pursuant to this Court's November 18, 2024 Order, petitioner was given fourteen (14) days from the date of service of the Report and Recommendation to file any objections. *See* [Doc. 11]. Service of the R&R was accepted on November 25, 2024. *See* [Doc. 12].

2

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone recommends the petition be denied and dismissed without prejudice. Specifically, Magistrate Judge Mazzone states that "a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief," and further notes that petitioner's "claims for a multi-million dollar award of damages for a mishandled piece of mail are clearly frivolous." [Doc. 8 at 3, 4].

Petitioner objects generally to Magistrate Judge Mazzone's recommendation, reiterating his claim that his mail was intentionally kept from him due to racism and discrimination. *See* [Doc. 13 at 1–2]. Petitioner does not object specifically to any of Magistrate Judge Mazzone's conclusions or reasoning, but instead broadly reiterates his claim without any support. [Id.].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein,** 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson,** 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole,** 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See **Mario v. P & C Food Markets, Inc.,** 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim

for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." *Mario,* 313 F.3d at 766.

Petitioner does not direct this Court to any specific error made by Magistrate Judge Mazzone, and purely relies on his original claims that were already addressed in the R&R. *See* [Doc. 8 at 3–4]; [Doc. 13]. Petitioner does not address the Magistrate's findings that the petition was frivolous and that a § 2241 petition is not the proper vehicle for petitioner's claims. As petitioner fails to identify specific errors made by Magistrate Judge Mazzone, *de novo* review is unnecessary. *See* ***Green***, 644 F.Supp.2d at 730 (citing ***Orpiano***, 687 F.2d at 47 (4th Cir. 1982)).

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 8**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 13**] are **OVERRULED**. The Petition [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** and the Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 11, 2024.

                                                                                 _____
                                                                                 **JOHN PRESTON BAILEY**
                                                                                 **UNITED STATES DISTRICT JUDGE**